LAFAYETTE & KUMAGAI LLP
Gary T. Lafayette (Cal. SBN 088666)
 Email: glafayette@lkclaw.com
Brian H. Chun (Cal. SBN 215417)
 Email: bchun@lkclaw.com
Barbara L. Lyons (Cal. SBN 173548)
 Email: blyons@lkclaw.com
Saisruthi S. Paspulati (Cal. SBN 319879)
 Email: spaspulati@lkclaw.com
1300 Clay Street, Suite 810
Oakland, CA 94612
Telephone:   (415) 357-4600
Facsimile:    (415) 357-4605

Attorneys for Defendants
ALBERTSONS COMPANIES, INC.
(sued as "ALBERTSON COMPANIES, INC.")
and SAFEWAY, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PREMIER FLOOR CARE, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSON COMPANIES, INC. and SAFEWAY, INC., Delaware corporations,<br><br>Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (FEDERAL QUESTION)**<br><br>State Court action filed:  March 12, 2021<br>Process served:                 May 3, 2021<br>Action removed:                June 2, 2021 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants ALBERTSONS COMPANIES, INC., sued as "ALBERTSON COMPANIES, INC." ("Albertsons") and SAFEWAY, INC. ("Safeway" and with Albertsons, "Defendants") hereby remove to this Court the state court action described below. No other defendant has been named in this action.

1. On March 12, 2011, Plaintiff PREMIER FLOOR CARE, INC., a Nevada corporation ("Plaintiff") commenced an action in the Superior Court of the State of California for the County of Alameda (the "State Court") entitled *PREMIER FLOOR CARE, INC., a Nevada corporation, Plaintiff, v. ALBERTSON COMPANIES, INC. and SAFEWAY, INC., Delaware corporations, Defendants*, Case No. RG19010397 (the "Action"). A true and correct copy of the March 12, 2021 Complaint in in the Action is attached hereto as Exhibit A.)

2. Plaintiff effected service of the Summons and Complaint on Defendant Albertsons on May 3, 2021. A true and correct copy of the Summons is attached hereto as Exhibit B.) Defendants are filing its Notice of Removal within 30 days of service of the Summons and Complaint.

3. This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that each of the state law claims alleged necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.

4. Specifically, Plaintiff's Complaint alleges claims for (1) Fraud; (2) Breach of Contract; Breach of Covenant of Good Faith and Fair Dealing; (3) Civil Conspiracy; and (4) Unfair Competition Law Violations. Plaintiff alleges in an unnumbered introductory paragraph of the Complaint that the Service employee International Union – United Service Workers West ("SEIU") is an unnamed co-conspirator. (Complaint at 1:14-17.) Paragraphs 4 through 11 and 14 through 16, and 19 through 28 of the Complaint all concern Plaintiff's negotiations with the SEIU, alleged SEIU communications with Safeway, SEIU picketing of Safeway stores, or a combination thereof. Plaintiff expressly alleges that SEIU's conduct constituted a violation of section 8(b)(4)(ii) of the National Labor Relations Act (29 U.S.C. § 158(b)(4)(ii)). In turn,

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

Plaintiff expressly grounds its conspiracy claim on the theory that Safeway conspired with the SEIU in that alleged violation. Specifically, Plaintiff alleges in Paragraphs 43 and 44 of the Complaint that:

> 43. Plaintiff was harmed by the Union's illegal activities in violation of 29 U.S.C. § 141 et seq. Section 8(b)(4) of the Labor Management Relations Act forbids specific concerted nion [sic] activities such as secondary boycotts. Specifically, Section 8(b)(4)(ii) of the Act concerns conduct directed at secondary (neutral) employers and prohibits a Union from threatening, coercing, or restraining the secondary employer so that the secondary employer ceases doing business with the primary employer. As demonstrated below, the Union's picketing of Safeway stores in 2017 and 2018 violated Section 8(b)(4)(ii) 29 U.S.C. § 141 et seq. n [sic] that it was: (1) threatening, (2) coercive, and (3) the objective was clearly to interfere with the business relationship between Safeway and Premier were (1) threatening, (2) coercive, and (3) the objective was to interfere with the business relationship between Safeway and Premier. Safeway is responsible for the harm because it joined in a conspiracy to commit these activities by joining with the Union and King to implement an unfair and sham bidding process that resulted in King replacing Premier as Safeway contractors.
>
> 44. Safeway was aware that the Union and King planned to coerce and threaten Safeway; and it agreed with the Union and King and intended that the Premier termination to serve the purposes of the conspirators.

By alleging conspiracy to violate the NLRA, Plaintiffs raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. Accordingly, the Action is one which Defendants may remove to this Court on federal question grounds pursuant to 28 U.S.C. § 1441(c).

5. In addition, each other state law claim both raises the same NLRA issues, and is transactionally related to the federal conspiracy claim. Plaintiff incorporates the SEIU allegations in each cause of action alleged. (Complaint, ¶¶ 33, 36, 42, 46.) Plaintiff asserts a fraud claim on the theory that a 2017 floor contractor RFP was a "sham" process that favored another contractor allegedly favored by the SEIU. (*Id.*, ¶ 3, 32, 32.) Plaintiff grounds its breach of contract claim on the theory that Safeway terminated its contract with Plaintiff "for reasons of its concerted activities with the labor union representing Premier's employed [sic]." Similarly, Plaintiff rests its UCL claim significant part on Safeway's alleged "conspiracy with the Union." (*Id.*, ¶ 48.)

///

///

1  Therefore, the Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 28
2  U.S.C. § 1367(a).

3  Dated: June 2, 2021                                       LAFAYETTE & KUMAGAI LLP

                                                             By: _____
                                                                 Gary T. Lafayette
                                                             Attorneys for Defendants
                                                             ALBERTSONS COMPANIES, INC. and
                                                             SAFEWAY, INC.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605