UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| PREMIER FLOOR CARE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSONS COMPANIES, INC., et al.,<br><br>Defendants. | Case No.  21-cv-04188-EMC (RMI)<br><br>**ORDER RE: SECOND DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 66 |

    Now pending before the court is a jointly-filed letter brief (dkt. 66) setting forth a discovery dispute that arose near the end of the period allotted for fact discovery in this case. Having reviewed the Parties' arguments, pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the court finds the matter suitable for disposition without oral argument.

    This is a case for breach of contract, civil conspiracy, and unfair competition, wherein Plaintiff (Premier Floor Care, Inc.) alleges that Defendants (Albertson Companies, Inc., and Safeway, Inc.) breached a master service contract with Plaintiff – more specifically, "Premier alleges Safeway engaged in a civil conspiracy with Service Employees [Union] and, King [Janitorial Equipment Services] and their violations of Federal law by allowing them to disrupt the bidding process by engaging in false, defamatory and illegal secondary boycotting of Safeway stores without consequence or protest." *See* Ltr. Br. (dkt. 66) at 1.

    Plaintiff states that the "[t]he critical disputes in the case are (1) whether Safeway entered [into] an understanding with King and the Union or aided and abetted their activities in disrupting the bidding process by providing substantial assistance or encouraging the picketing events King and the Union staged against Premier, and (2) whether the illegal labor disturbances contributed to

1  Safeway's decision to terminate or were the decisions reflective of Safeway's independent
2  decision regarding the economic merit of contracting with Premier or King." *Id*. at 1-2. Having
3  already deposed the three persons identified by Safeway as document custodians, Plaintiff submits
4  that the "[r]ecent deposition testimony shows that additional unproduced documents *may* exist that
5  will fill out the full record regarding the bidding process and simultaneous labor activities
6  promoted by SEIU and King directed at convincing Safeway to terminate Premier." *Id*. at 2
7  (emphasis added). Consequently, Plaintiff now seeks three additional categories of documents and
8  an additional deposition on two topics. *Id*. As to the first category of documents, Plaintiff seeks
9  discovery on "soft awards," a matter that reportedly arose during the April 15, 2024, deposition of
10 Ms. Evans, and which reportedly includes one or more of such awards communicated to King
11 during the bidding process. *Id*. Plaintiff submits that these documents were not produced "despite
12 the agreement of the parties of the relevance of all documentation regarding the 2017 / 2018
13 bidding process." *Id*. The second category of documents concerns store manager reports of the
14 four picketing events that Plaintiff considers to be central to its claims in this case. *Id*. The third
15 category pertains to documents "concerning amendments or modifications to the pricing terms of
16 the Safeway / King 2018 contract (the initial contract entered on completion of the bidding process
17 was produced)." *Id*. Plaintiff also seeks leave to take another deposition on two topics: (1)
18 communications from store managers regarding the union's picketing events; and, (2)
19 modifications of pricing terms of the Safeway / King 2018 contract. *Id*. However, if corresponding
20 documents underlying these two deposition topics are produced, Plaintiff submits that there would
21 be no need to take the deposition.
22    Defendants submit that Plaintiff's requests should be deemed untimely because it has
23 not identified any timely document request to which the documents it seeks are responsive, and
24 that the requests stem from Plaintiff's recently-tendered 30(b)(6) notice, which was served on
25 April 23, 2024, nine business days before the close of discovery and the proposed deposition date.
26 *Id*. at 3. Defendants contend that Plaintiff's requested deposition is, in fact, merely "an attempt to
27 obtain written discovery out of time." *Id*. Quite apart from that assertion, Defendants note that "the
28 parties agreed to a search protocol in connection with Premier's requests for production . . .

1  [which] was the subject of extensive negotiation and compromise, and until nine days before the
2  close of discovery the protocol had apparently satisfied Premier [because] Defendants have
3  produced everything responsive that was captured by that search protocol." *Id*. Thus, Defendants
4  contend that "[t]here is no basis to alter that search protocol now — three years into this litigation
5  *after* dispositive motions have been filed and on the eve of trial." *Id*. (emphasis in original).
6  Defendants add that regarding documents concerning Safeway's "soft awards" to other bidders,
7  those emails would likely have been captured and produced using the agreed-upon search terms in
8  the Parties' search protocol. *Id*.

9       As to the two remaining deposition topics and the corresponding documents requests,
10 Defendants submit that they seek irrelevant information and are disproportionate to the needs of
11 the case. *Id*. at 4. Defendants contend, and the court agrees, that the terms of King's relationship
12 with Defendants does not appear to make any fact underlying Premier's claims more or less likely,
13 especially given the fact that Premier has conceded that Defendants had an unconditional right to
14 terminate the parties' relationship, and that the Defendants also had an unconditional right to make
15 decisions in the request for proposal on any basis they wished. *Id*. Defendants add that "Premier
16 has been unable to identify any false statement that Defendants made, and it has conceded that
17 Defendants did not have any agreement with the Union or King to commit an unlawful act against
18 Premier." *Id*. As to the terms of the King agreement, Defendants note that "Premier has already
19 elicited this information at least two different ways. First, Premier took the deposition of King's
20 principal, Javier Brito. Mr. Brito testified that the 2018 contract did not terminate until December
21 2023 and that there were no amendments or pricing adjustments during that time frame . . . [and]
22 [Defendants] adopted that testimony in response to an interrogatory on the same subject." *Id*.
23 Defendants note that Plaintiff's displeasure with these facts "is not a basis on which to compel a
24 further response from Safeway and Albertsons." *Id*. Regarding the remaining topic and its
25 corresponding document request – that is, information related to all communications relating to
26 Union demonstrations at Safeway stores on four dates in late 2017 and early 2018 – Defendants
27 note that "Premier's own [deposition] testimony demonstrates that any testimony that either
28 Defendant could offer on this topic is wholly irrelevant." *Id*. Defendants once again note that

3

Plaintiff has already conceded that Defendants were entitled to base their decisions as to the request for proposal on any criteria that they wished. *Id*. Regarding the notion that Safeway reportedly encouraged the protests, Defendant notes that Plaintiff's own witnesses contradict this notion, "[o]ne of whom claimed to be present at the protests and noted that Safeway called the police to disperse the protesters during the demonstrations." *Id*. In line with the declaration submitted by Plaintiff's witness, Defendants note that "Plaintiff's First Amended Complaint similarly alleges that Safeway called the police to stop the protests[, thus] Premier cannot now credibly argue that it contends Safeway encouraged or assisted in the protests." *Id*.; *see also* FAC (dkt. 64-1) ¶¶ 21-22 (the first picketing event), ¶ 24 (the second picketing event), ¶ 25 (the third picketing event).

A party seeking to compel discovery has the initial burden of establishing that the request satisfies the relevancy requirements of Fed. R. Civ. P. Rule 26(b)(1). *See e.g.*, *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). That party also bears the burden of showing that it has satisfied proportionality and the other requirements of Rule 26. *See Rodriguez v. Barrita, Inc.*, No. 09-04057 RS-PSG, 2011 U.S. Dist. LEXIS 134079, at *4 (N.D. Cal. Nov. 21, 2011). Nothing in Plaintiff's portion of the Letter Brief addresses any of Defendants' arguments, let alone convincingly establishes the relevance and proportionality of the information it seeks. *See generally* Ltr. Br. (dkt. 66) at 1-3. In essence, Plaintiff merely identifies several categories of information and simply states that it wants the information without offering any persuasive argument tethering the requests to any fact of consequence underling any of the claims or defenses in this case. Accordingly, for that reason, and for the reasons stated by Defendants, Plaintiff's request to compel the information it seeks is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 10, 2024

ROBERT M. ILLMAN
United States Magistrate Judge

4