RILEY SAFER HOLMES & CANCILA LLP
Kathleen A. Stimeling (SBN No. 209226)
kstimeling@rshc-law.com
E. Ashley Paynter (SBN No. 333428)
apaynter@rshc-law.com
456 Montgomery Street, 16th Floor
San Francisco, CA  94104
Telephone:    (415) 275-8550
Facsimile:    (415) 275-8551

*Attorneys for Defendants ALBERTSONS COMPANIES INC and SAFEWAY INC*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PREMIER FLOOR CARE, INC.,<br><br>Plaintiff,<br>v.<br>ALBERTSONS COMPANIES, INC., et al.<br>Defendants. | Case No. 21-cv-04188-EMC<br><br>**NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEY'S FEES**<br><br>Hearing Date:   October 3, 2024<br>Time:           1:30 p.m.<br>Courtroom:      5 |

## NOTICE OF MOTION

**Please Take Notice** that on October 3, 2024 at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Hon. Edward Chen of the U.S. District Court for the Northern District of California, San Francisco Courthouse, Courtroom 5 – 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Defendants Albertsons Companies, Inc. ("ACI") and Safeway Inc. ("Safeway," collectively, "Defendants") will move for an award of their attorneys' fees incurred in this matter.

Defendants seek their fees under Federal Rule of Civil Procedure Rule 54(d) and in accordance with a contractual fee shifting provision between the parties, and California Civil Code section 1717. Defendants' motion is based on the pleadings in this matter, this Notice, the following Memorandum and supporting exhibits, the proposed order, and upon such further oral and written argument as may be requested or presented at the hearing on this motion.

## RELIEF REQUESTED

Defendants move under Rule 54(d) for an award of their attorneys' fees in defending this case and for all other appropriate relief.

## ISSUES TO BE DECIDED

1. Confirmation that Defendants are entitled to recover their reasonable attorneys' fees under the contractual fee shifting provision in the 2015 Master Service Agreement with Plaintiff Premier Floor Care, Inc. ("Plaintiff") and consistent with Cal. Civ. Code section 1717.

2. The amount of Defendants' reasonable attorneys' fees.

## INTRODUCTION

After three years of litigation, the Court entered judgment in Defendants' favor on each of Plaintiff's claims—including Plaintiff's claim that Defendants breached the parties' Master Agreement for Floor Care—Janitorial Services between Safeway, Inc. and Premier Floor Care, Inc. (the "2015 MSA"). Under the 2015 MSA, Plaintiff and Safeway expressly agreed that the "prevailing party in any arbitration or court action or proceeding shall be awarded its reasonable attorneys' fees and costs and reasonable expert fees." 2015 MSA ¶ 8.10, ECF 1-1.

Under this contractual provision—together with California Civil Code section 1717—

1

1  Defendants are entitled to the reasonable attorneys' fees that they were required to incur to defend
2  Plaintiff's allegations and claims.

3  **BACKGROUND**

4  **A.    The Parties**

5      Plaintiff is a floor care company—in other words a janitorial service provider. Compl. ¶ 1,
6  ECF No. 1-1. Between 2001 and 2018, Plaintiff provided floor care services to Safeway stores in
7  Northern California under various master service agreements. Plaintiff signed its most recent
8  master service agreement with Safeway in June 2015. *Id.*

9      Defendant ACI is a Delaware corporation that holds various ownership interests in its
10 nationwide retail grocery stores. Stimeling Dec., ¶ 2, Ex. A, Deposition of Stephanie Evans
11 ("Evans Dep."), 116:1–118:22, ECF No. 62-1. ACI does not have employees who conduct the
12 day-to-day business of operating retail grocery stores. *Id.* ACI provides "back office" support to
13 the retail grocery stores in its various divisions including Northern California, which includes
14 Safeway stores there. *Id*.

15     Defendant Safeway is a wholly owned, indirect subsidiary of ACI. Safeway manages and
16 operates retail grocery stores — among other places — in the Northern California Division of
17 ACI. *Id*.

18 **B.    The Action**

19     On March 12, 2021, Plaintiff filed its Complaint against Defendants, alleging breach of
20 the 2015 MSA, fraud, civil conspiracy, and violations of California's Unfair Competition Law.
21 ECF No. 1-1.

22     At the outset, the parties endeavored to resolve their claims short of litigation. The Parties
23 sought to mediate the matter in May 2022, but were derailed when Plaintiff produced its damages
24 calculations on the eve of mediation. Thereafter, following the initiation of this suit and the failed
25 attempt to mediate in May 2022, the parties engaged in extensive informal information exchange
26 in order to fully prepare for a mediation on August 18, 2023. *See* ECF Nos. 31, 43, 45, 47. This
27 process involved the disclosure of several thousand pages of documents as well as Plaintiff's
28 deposition of Rick Pickering, one of the principal decision makers in the RFP. Despite

Defendants' efforts to educate Plaintiff and its counsel that there was no basis for its claims and Defendants' good faith effort to resolve the case, mediation failed.

After these failed resolution attempts, Defendants took Plaintiff's deposition, at which Plaintiff's corporate designee acknowledged that each of its claims was without merit:

- Plaintiff was unaware of any actionable fraudulent statement either Defendant made;
- Once Plaintiff decided to participate in the RFP, Defendants had the unconditional contractual right to terminate 2015 MSA immediately for any reason; and
- Defendants were not obligated to provide Plaintiff with a reason for its decisions in connection with the RFP.

Premier Dep., 58:19–59:17, 80:11–16, 165:8–13. After its deposition, Plaintiff continued to take discovery, including two non-party depositions as well as the deposition of Stephanie Evans who ran the RFP process. Second Declaration of Kathleen Stimeling, ("2d Stimeling Decl.") ¶ 2, attached as Exhibit 1 to Defendant's Motion for Sanctions, ECF No. 77-1. On April 9, 2024, Defendants' counsel served a letter on Plaintiff's counsel requesting that Plaintiff dismiss his claims because they violated Rule 11 and, in any case, were meritless. *Id.* ¶ 3. Plaintiff's counsel never responded to Defendants' letter, and the case plodded on. *Id.* ¶ 4. Plaintiff continued to aggressively pursue expansive discovery, including pursuing two unsuccessful motions to compel and the subsequent disclosure and deposition of an expert witness. *Id.*

On April 24, 2024, with fewer than 10 court days before the close of discovery (and two court days before Defendants' deadline to file their summary judgment motion), Plaintiff proffered the declarations of three previously undisclosed witnesses, which required Defendants to take expedited depositions of each declarant. *Id.* ¶ 5.

On May 2, 2024, Plaintiff filed its First Amended Complaint, which was identical to the original complaint, except that Plaintiff withdrew its fraud claim. ECF No. 64. The allegations in the First Amended Complaint (as in the original complaint) explicitly link the conduct that Premier claimed Defendants engaged in when it claims they engaged in a civil conspiracy with conduct that breached the parties' agreement. First Am. Compl. ¶ 37 ("On or about March 25, 2018, Safeway breached the [parties' 2015] agreement by terminating Plaintiff for reasons of

3

Safeway's concerted activities with the labor union.")

On July 8, 2024, Defendants filed their Motion for Sanctions against Plaintiff and its Counsel and asserted three separate bases for sanctions: (1) Federal Rule of Civil Procedure 11; (2) the Court's inherent authority; and (3) 28 U.S.C. Section 1927. On July 11, 2024, counsel for the parties appeared in person to argue Defendants' Motion for Summary Judgment. On July 23, 2024 the Court granted Defendants' Motion in its entirety. Plaintiff and Defendant met and conferred on this motion on August 12, 2024 via Zoom.

## ARGUMENT

**A.    Defendants are entitled to their attorneys' fees for defending the entire case.**

In an action where the Court is sitting in diversity, "the question of attorney's fees is governed by state law." *Kabatoff v. Safeco Ins. Co. of Am.*, 627 F.2d 207, 210 (9th Cir. 1980). Under California law, parties to a contract may provide for an award of reasonable attorneys' fees. Cal. Code Civ. Proc. § 1021. Further, Cal. Civ. Code section 1717 provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded to either one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

"The phrase 'on the contract' is liberally construed, such that a claim 'on a contract' involves an agreement, arises under/out of, is based on, or relates to the agreement by seeking to define or interpret its terms to determine or enforce a party's rights or duties." *BillFloat, Inc. v. Collins Cash Inc.*, No. 20-cv-09325-EMC, 2023 WL 2333879, at *5 (N.D. Cal. Mar. 1, 2023) (internal quotations omitted).

The 2015 MSA provides, in pertinent part: "For purpose of any court proceeding . . . arising under this Agreement, the parties hereby irrevocably agree and consent to the personal jurisdiction and venue of the state and federal courts located in Alameda County, California . . . . The prevailing party in any arbitration or court action or proceeding shall be awarded its reasonable attorneys' fees and costs and reasonable expert witness fees." 2015 MSA ¶ 8.10. Plaintiff's entire case arose out of the 2015 MSA. "Claims that arise out of a contract have a

4

dependent or causal relationship with it." *BillFloat, Inc.*, 2023 WL 2333879, at *6. Here, Plaintiff's fraud, civil conspiracy, and derivative UCL claims stem entirely from the relationship memorialized in the 2015 MSA. Specifically, when the Court asked Premier about the independent civil wrong that formed the basis of its civil conspiracy theory, Premier "stated that the underlying tort was the secondary boycott engaged in by the union, which violated federal law." Order Granting Summary Judgment at 10 ("Order"), ECF No. 82. Plaintiff claimed that the aim of this boycott was to force Safeway to stop doing business with Plaintiff—that is to terminate the 2015 MSA on March 25, 2018. Therefore, because Plaintiff's extracontractual claims would not exist without the underlying relationship outlined in the 2015 MSA, those claims "arise under" the contract." *See Xuereb v. Marcus & Millichap, Inc.* (1992) 3 Cal. App. 4th 1338, 1343 (tort actions "arose from" an agreement because they were the result of the underlying transactional relationship in the contract).

Even if Plaintiff's extracontractual claims did not "arise from" the 2015 MSA, they are inextricably intertwined with the contract. "Attorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed." *Abdallah v. United Savings Bank* (1996) 43 Cal. App. 4th 1101, 1111. Plaintiff's allegations demonstrate how intertwined its claims are. Plaintiff's "civil conspiracy" and "fraud" claims each turned on Safeway's alleged conspiracy with the union and King to terminate its contractual relationship with Plaintiff. *See* Order at 9–10 (describing Plaintiff's civil conspiracy and breach of contract claims as dependent on the same facts); Compl. ¶¶ 33 – 45, ECF No. 1-1. Plaintiff's UCL claim is wholly derivative of its other claims. Accordingly, it too is inextricably intertwined with the breach of contract claim. Because these claims are bound to the breach of contract claim, it is "impracticable, if not impossible, to separate the multitude of conjoined activities into compensable or non-compensable time units," and Defendants' fee award need not be apportioned between contract and tort clams.[1] *Abdallah*, 43 Cal. App. 4th at p. 1111.

---

[1] For the reasons set forth in Defendants' Motion for Sanctions, Defendants are entitled to the recovery of their attorneys' fees regardless of the fee shifting provision in the 2015 MSA. Those issues are set out fully in Defendants' papers at ECF No. 77.

**B.     Defendants' attorneys' fees are reasonable.**

Defendants have incurred approximately $578,077.00 in fees in this case. As discussed below, this is a reasonable amount, which involved several years of contentious discovery. Defendants attempted to resolve this case short of summary judgment several times but were rebuffed. In light of those circumstances, which are laid out in Defendants' Motion for Sanctions, ECF No. 77, Defendants' fee request is well within reason.

**Reasonableness of the Rate.** When determining whether a fee request in a contractual fee shifting case is reasonable, courts in the Ninth Circuit use the lodestar method. The lodestar method for calculating attorneys' fees multiplies the number of hours reasonably expended on the litigation by the reasonable hourly rate. *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 916, 622 (9th Cir. 1993). To determine the reasonable hourly rate, the Court is to consider the experience, skill, and reputation of the attorneys requesting fees, as well as the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 898, 908 (9th Cir. 1995). "The relevant community for the purpose of determining the prevailing market rate is generally the forum in which the district court sits." *TPCO US Holding, LLC v. Fussell*, No. 23-cv-01324-EMC, 2023 WL 5111986, at *2 (N.D. Cal. Aug. 9, 2023) (cleaned up). "Courts in the Northern District of California have found that rates of $475-$975 per hour for partners and $300-$490 per hour for associates are reasonable." *Id.* (quoting *Miletak v. AT&T Servs., Inc.*, No. 12-cv-05326-EMC, 2020 WL 6497925, at *6 (N.D. Cal. Aug. 3, 2020). Courts have likewise found rates between $150-$240 per hour reasonable for paralegal work in the Bay Area. *Id.*

Defendants' primary counsel, Kathleen Stimeling, Ashley Paynter, and David Kempen charged $550, $450, and $400 per hour respectively. Ms. Stimeling, a partner at Riley Safer Holmes and Cancila, LLP ("RSHC"), has nearly twenty-five years of experience as a commercial litigator. Stimeling Declaration in Support of Defs.' Mot. for Attorney's Fees, ¶ 7 ("Stimeling Decl."). Ms. Paynter, counsel at RSHC, has been a commercial litigator primarily in federal court for twelve years, after her two-year federal district court clerkship, and Mr. Kempen has been practicing for two years. *Id.* ¶ 4, Ex. 2.

Other RSHC attorneys have worked on this file including associates Andrew Wu and Ambria Mahomes. *Id.* At the time that Mr. Wu worked on this matter, he had approximately four years of experience as did Ms. Mahomes. *Id.* Their work was billed at $400 per hour. *See id.* ¶ 3, Ex. 1. Additionally, RSHC staff attorney, Adam Hicks has over twenty years of experience and his work was billed at $340 per hour. *Id.* The remaining billers are non-attorney staff members who billed between $295–$310 an hour. *Id.* These rates are at or below the usual and customary rates that RSHC charges for these attorneys. *Id.* ¶ 10. Based on their years of experience the usual and customary rates for attorneys in San Francisco, their rates are reasonable. *Id.* ¶ 11.

Prior to RSHC's involvement, Defendants engaged Lafayette & Kumagai, LLP ("Lafayette") in this case. Declaration of Adwoa Ghartey-Tagoe Seymour ¶ 2 ("Seymour Decl."). Lafayette represented Defendants from May 2021 through July 2022. *Id.* ¶ 3. The firm used two associates, a paralegal, and a partner to staff the case. Both associates billed at $325 per hour, the partner $400 per hour, and the paralegal at $100 per hour. *Id.* ¶ 5, Ex. A. These rates are well within the ranges that have been approved in the Northern District of California. *TPCO US Holding, LLC,* 2023 WL 5111986, at *2.

**Reasonableness of Hours Expended.** The next step in the lodestar calculation is to determine "the number of hours reasonably expended on the litigation." *Id.* at *3. In so doing, the Court should "eliminate from the lodestar time that was unreasonably, unnecessarily, or inefficiently devoted to the case." *Id.*

Lafayette attorneys and paralegals spent approximately 259 hours on this matter engaged in removal, initial case management tasks, and preparation for the first mediation in this case, which ultimately did not occur because Plaintiff did not produce its damages calculation until immediately before the mediation. Seymour Decl. ¶ 5, Ex. A. Attached to this motion are Lafayette's invoices, which explain in detail how these hours were spent. *Id.*

After Defendants hired RSHC, RSHC attorneys and paralegals spent approximately 1,157 hours on this matter from its inception to judgment. Stimeling Decl. ¶ 3, Ex. 1. Of those hours, Ms. Stimeling only charged Defendants for 1,047. Attached to this Motion are RHSC's invoices, which explain in detail how those hours were spent. In this motion, Defendants only seek

7

recovery for time that was actually charged to them (*i.e.,* the 1,047 hours). RSHC has already eliminated any time that could arguably be considered "inefficient" or "unnecessary." *Id.* ¶ 2.

Defendants were entirely successful on every contested motion in this case. The hours which Defendants include in their lodestar are reasonable.

## **CONCLUSION**

For the reasons discussed above, Defendants are entitled to the recovery of their attorneys' fees. Defendants respectfully request that the Court enter an order awarding them their reasonable attorney fees in the amount of $578,077.00 and for all other appropriate relief.

DATED: August 20, 2024            RILEY SAFER HOLMES & CANCILA LLP

By:  */s/ Kathleen A. Stimeling*
KATHLEEN A STIMELING
Attorneys for Defendants
ALBERTSONS COMPANIES INC and
SAFEWAY INC.

**NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR ATTORNEY'S FEES**